IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JOSEPH CONFESSORE, §<br>    *Plaintiff*, §<br> §<br>         v. §<br> §<br>ROBBIE HOOD, KATRINA JONES, ROD §<br>CARROLL, MISTY SONGE, CHRIS §<br>LEAVINS, AMANDA MEADOWS, §<br>AMANDA CARTER a/k/a "AMANDA §<br>SMITH," JOHN KIMBROUGH, K. C. §<br>BRESHEARS, RONNIE BENNETT, §<br>BIANCA TRISTAN, WESLEY ROSS, and §<br>REBECCA SMITH a/k/a "UNKNOWN §<br>VICTIM'S ASSISTANCE §<br>COORDINATOR," §<br>    *Defendants*. § | CIVIL ACTION NO. 1:22-CV-302-MAC-CLS |

**REPORT AND RECOMMENDATION ON DEFENDANTS HOOD, JONES,
CARROLL AND SONGE'S MOTION TO DISMISS (DOC. #11) AND DEFENDANTS
LEAVINS, CARTER, AND MEADOWS' MOTION TO DISMISS (DOC. #34)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72.

Pending before the court are Defendants Robbie Hood, Katrina Jones, Rod Carroll, and Misty Songe's Motion to Dismiss (doc. #11) and Defendant Chris Leavins, Amanda Carter (a/k/a "Amanda Smith"), and Amanda Meadows' Motion to Dismiss (doc. #34). After review, the undersigned recommends granting the motions and dismissing all claims against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter.

## I.     Procedural History and Plaintiff's Claims

On July 29, 2022, Plaintiff Joseph Confessore, proceeding *pro se*, filed his original complaint against Defendants Robbie Hood, Katrina Jones, Rod Carroll, Misty Songe, Chris Leavins, Amanda Meadows, and Amanda Carter (a/k/a "Amanda Smith") in their individual and official capacities under case number 1:22-CV-302.  (Doc. # 1.)  On August 12, 2022, Plaintiff filed another complaint against Defendants John Kimbrough, K. C. Breshears, Ronnie Bennett, Bianca Tristan, Wesley Ross, and Rebecca Smith (a/k/a "Unknown Victim's Assistance Coordinator") in their individual and official capacities under case number 1:22-CV-326.  (Doc. #17.)  Case number 1:22-CV-326 was consolidated into 1:22-CV-302 on August 17, 2022.  (Doc. #5.)  Plaintiff brings suit against all Defendants under 42 U.S.C. § 1983 alleging violations of Plaintiff's constitutional rights under the First and Fourth Amendments.  Plaintiff also alleges violations based on criminal statutes 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141.

Plaintiff's various filings (docs. #1, 6, 13, 17, 27) are disorganized and lack significant factual details necessary to clarify the nature of his claims (including both the claims themselves and the exact events giving rise to them) and against whom each claim is brought.  Plaintiff's claims appear to generally arise out of two sets of encounters with City of Vidor employees and officials.  First, on or around May 4, 2022, and May 6, 2022, Plaintiff attempted to meet with Defendant John Kimbrough, District Attorney for Orange County, seeking unspecified "public services" relating to alleged threats and stalking from Arthur Monariti. (Doc. #17 at 4, 8.) Second, on or around July 28, 2022, Plaintiff attempted to meet with Defendant Robbie Hood, City Manager for the City of Vidor, to pay his trash bill. (Doc. #1 at 8-9 and Doc. #27 at ¶1.)  On each occasion, Plaintiff video recorded parts of the interaction—which appear to have taken place in the lobbies of public buildings—and was asked to leave the premises, though Plaintiff was not forced to leave or arrested at any point.  (Doc. #1, 17.)  Plaintiff also attempted to contact

2

Defendant Leavins by phone on or around July 29, 2022, but Plaintiff was unsuccessful and only communicated with Defendant Amanda Carter (a/k/a "Amanda Smith"). (Doc. #1 at 9.) The "May encounters" allegedly involve Defendants John Kimbrough, K.C. Breshears, Ronnie Bennett, Bianca Tristan, Wesley Ross, and Rebecca Smith (a/k/a "Unknown Victim's Assistance Coordinator"). (Doc. #17.) The "July encounters" allegedly involve Defendants Robbie Hood, Katrina Jones (a/k/a/ "Kristina Smith"), Rod Carroll, Misty Songe, Chris Leavins, Amanda Meadows, and Amanda Carter (a/k/a "Amanda Smith"). (Doc. #1.)

On September 12, 2022, Defendants Robbie Hood, Katrina Jones, Misty Songe, and Rod Carroll filed a Motion to Dismiss Plaintiff's claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #11.) Plaintiff timely filed a response (doc. #27) on October 12, 2022, and Defendants timely filed a reply (doc. #29) on October 18, 2022. Defendants Chris Leavins, Amanda Meadows, and Amanda Carter filed a separate Motion to Dismiss on November 2, 2022. (Doc. #34.) Plaintiff did not submit a response. However, Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter were all named in the same complaint (doc. #1), and Plaintiffs claims against them arise from the July encounters. Thus, Plaintiff's response (doc. #27) to the first Motion to Dismiss (doc. #11) addresses the same claims challenged in the second Motion to Dismiss (doc. #34). As such, the undersigned will construe Plaintiff's response (doc. #27) as responsive to both the first and second Motions to Dismiss (docs. #11, 34).

**II.    Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co.*

*LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).) "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiff's pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

**III.  Discussion**

A. "Claims" Alleged under Criminal Statutes

In his form complaint (doc. #1 at 3), Plaintiff alleges violations of 18 U.S.C. §§ 241 and 242 and 42 § U.S.C. 14141. (Doc. #1 at 3.) These are criminal statutes and do not provide for private rights of action. *Chaney v. Races & Aces*, No 14-30299, 590 Fed. App'x 327, 330 (5th Cir. 2014); *see also McCormick v. City of Dallas*, No. 3:18-CV-689-B-BH, 2018 WL 2244700, at

*2 (N.D. Tex. Apr. 30, 2018). 42 U.S.C. § 1983 only provides a remedy for violations of federal statutes if those statutes themselves create a private right of action. *See Gonzaga Univ. v. Doe*, 563 U.S. 273 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action."). Therefore, these criminal statutes cannot be used as a predicate for Plaintiff's 42 U.S.C. § 1983 action. Accordingly, any "claims" Plaintiff alleges against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter based on these criminal statutes should be dismissed.

### B. First Amendment Claims against Defendants in their Individual Capacity

In his complaint, Plaintiff appears to allege that Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter violated his First Amendment rights by: (1) not allowing him to video record his interactions with them and asking him to leave the premises on July 28, 2022; and (2) withholding government services the following day allegedly as a result of his previous interactions with them. (Doc. #1 at 8-9). Construed broadly, Plaintiff is alleging a First Amendment "direct limitation" claim and a First Amendment retaliation claim. *See Cripps v. State Dep't of Agric. & Forestry*, 819 F.3d 221, 229 (5th Cir. 2016) (citation omitted) ("The First Amendment prohibits both direct limits on individual speech and adverse governmental action against an individual in retaliation for the exercise of protected speech activities.").

Plaintiff's complaint (doc. #1) fails to state a First Amendment direct limitation claim. As Defendants note in their Motions to Dismiss (doc. #11 at 14-15 and doc. #34 at 9-10), Plaintiff's complaint does not allege that Defendants made him stop video recording or forced him to leave the premises. In fact, Plaintiff's complaint (doc. #1 at 8) and response (doc. #27 at ¶¶12, 14) make clear that he was permitted to continue recording and remain on the premises. Plaintiff alleges that Defendant Amanda Meadows, a police officer called to the scene, approached Plaintiff and

asked him to leave the premises.  (Doc. #1 at 8.)  However, Plaintiff then states that Officer Meadows' immediate supervisor made clear that Plaintiff "was free to remain and video record," and Meadows then left the scene without taking any action against Plaintiff.  (Doc. #1 at 8.) Therefore, Plaintiff's complaint fails to plead facts alleging that Defendants actually restricted his speech, expression, or any other protected activity.  Thus, Plaintiff has not stated a First Amendment direct limitation claim.

Plaintiff also fails to allege a First Amendment retaliation claim.  To succeed on a First Amendment retaliation claim, Plaintiff must demonstrate that (1) he was engaged in a constitutionally protected activity; (2) Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) Defendants' adverse actions were substantially motivated against Plaintiff's exercise of constitutionally protected conduct.  *Alexander v. City of Round Rock*, 854 F.3d 298, 308 (5th Cir. 2017).  At the very least, Plaintiff's complaint fails to plead any facts showing that when he called Defendants on July 29, 2022, he was "refused government services" in retaliation for video recording and remaining on the premises the previous day—thus the third element is not satisfied. Therefore, Plaintiff's complaint fails to show at least one of the three required elements of a First Amendment retaliation claim.

To the extent that Plaintiff may be alleging a First Amendment violation on the basis that he sought to speak with Defendants Hood and Leavins but was unable to do so, this claim also fails.  As Defendants point out (doc. #11 at 14), "members of the public" do not have a "constitutional right to force the government to listen to their views," under the First Amendment or otherwise.  *Minn. State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 283 (1984).

Plaintiff has not alleged any First Amendment violations against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter.  Therefore, Plaintiff's 42 U.S.C. § 1983 claim

relating to violations under the First Amendment against these Defendants in their individual capacity should be dismissed.

### C. Fourth Amendment Claims against Defendants in their Individual Capacity

Plaintiff's form complaint states that he is alleging Fourth Amendment violations (doc. #1 at 3), but Plaintiff does not allege any facts to support such a claim.  In his response (doc. #27 at ¶11), Plaintiff clarifies that his interaction with Defendant Meadows, which he mentions in his complaint (doc. #1 at 8), gives rise to his Fourth Amendment claim.  Plaintiff asserts that Defendant Meadows' "temporarily detained" him during their interaction on July 28, 2022, which constituted an unlawful seizure under the Fourth Amendment.  (Doc. #27 at ¶11.)

Under the Fourth Amendment, a seizure occurs when "in view of all of the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." *Brendlin v. California*, 551 U.S. 249, 255 (2007) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). Plaintiff's complaint does not plead facts showing that a reasonable person would believe they were not free to leave during his brief interaction with Defendant Meadows. On the contrary, Plaintiff indicates in his complaint that he was not under arrest, that a supervising police officer stated that he was free to record and remain on the premises, and that the interaction with Defendant Meadows then ended.  These factual allegations suggest that no reasonable person would believe that they were being detained and were not free to end the interaction with Defendant Meadows at any time.

Plaintiff has not alleged a Fourth Amendment violation against Defendant Meadows or any other Defendant.  Therefore, Plaintiff's 42 U.S.C. § 1983 claim relating to violations under the Fourth Amendment against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter in their individual capacity should be dismissed.

### D. First and Fourth Amendment Claims Against Defendants in their Official Capacity

Plaintiff alleges that he is bringing suit under 42 U.S.C. § 1983 against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter in both their individual *and* official capacities as City of Vidor officials and employees. (Doc. #1 at 2-3). When a plaintiff sues a defendant in their official capacity, "'the real party in interest . . . is the governmental entity and not the named official.'" *Eltalawy v. Lubbock Indep. Sch. Dist.*, 816 Fed. App'x 958, 962 (5th Cir. 2020) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Therefore, "the entity's policy or custom must have played a part in the violation of federal law." *Id.* Accordingly, to state a claim against Defendants in their official capacity, Plaintiff must not only plead facts showing an underlying constitutional violation, but also that the constitutional violation was "inflicted pursuant to an official policy or custom." *Paz v. Weir*, 137 F. Supp. 2d 782, 797 (S.D. Tex. 2001) (citing *Flores v. Cameron Cnty*, 92 F.3d 258, 263 (5th Cir. 1996)).

For the reasons stated *supra* § III.B-C, Plaintiff has failed to plead facts showing an underlying constitutional violation under the First or Fourth Amendments. Therefore, Plaintiff has failed to state a claim against Defendants in their official capacity. Further, Plaintiff has not pleaded facts showing that the alleged constitutional "violations" were inflicted as a result of an official policy or custom—Plaintiff writes that there have been "ongoing rights violations" and that it is "standard practice . . . to violate rights of all people within the city," (doc. #1 at 8) but he does not plead any facts to support these allegations or point to any official policy or custom that is "causing" these alleged rights violations.

Plaintiff has failed to state a claim against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter in their official capacity. Therefore, Plaintiff's 42 U.S.C. § 1983 claims against these Defendants in their official capacity should be dismissed.

### E. Qualified Immunity

Last, Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter assert Plaintiff's claims against them in their individual capacities should be dismissed on grounds that they are entitled to qualified immunity.

The doctrine of qualified immunity protects officials, such as law enforcement officers, from civil liability for action taken in their official capacity as long as their conduct does not violate clearly established law of which a reasonable person would have known. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam). The qualified immunity analysis involves a two-pronged inquiry. First, "whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right." *Estate of Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021) (quoting *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014)). Second, "whether . . . the right in question was 'clearly established' at the time of the violation." *Id.* (quoting *Tolan*, 572 U.S. at 656).

Again, for the reasons stated *supra* § III.B-C, Plaintiff has failed to plead facts showing an underlying constitutional violation under the First or Fourth Amendments. Thus, Plaintiff's complaint fails to satisfy the first prong of the qualified immunity analysis.

Additionally, even if Plaintiff *had* pleaded facts showing an underlying constitutional violation, Plaintiff would not be able to satisfy the second prong. Even when a constitutional violation has been committed, qualified immunity applies unless the law clearly establishes that the official's conduct violated a federal right at the time the conduct took place. *Brousseau v. Haugen*, 543 U.S. 194, 194 (2004). In other words, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Crane v. City of Arlington*, No. 21-10644, 2022 WL 4592035, at *8 (5th Cir. Sept. 30, 2022) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Here, Plaintiff has not sufficiently pleaded facts showing that the any reasonable official in Defendants' position during the July encounters would know that their conduct was unlawful—in large part, because their conduct was *not*, in fact, unlawful. Therefore, Plaintiff's complaint also does not satisfy the second prong of the qualified immunity analysis. As a result, even if the undersigned had not already concluded that Plaintiff failed to state a claim against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter under 42 U.S.C. § 1983, Plaintiff's claims against them in their individual capacity would be dismissed regardless on grounds of qualified immunity.

### IV.     Conclusion

Plaintiff has failed to state any claims under 42 U.S.C. § 1983 against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter in their individual or official capacities for violations of the First Amendment, Fourth Amendment, and criminal statutes 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141.  Therefore, Defendants Hood, Jones, Songe, and Carroll's Motion to Dismiss (doc. #11) should be granted, and Defendants Leavins, Meadows, and Carter's Motion to Dismiss (doc. #34) should be granted.  All claims against these Defendants should be dismissed.

For the clarity of the parties, should the undersigned's recommendation as to these two Motions to Dismiss (docs. #11, 34) be adopted, only Defendants Kimbrough, Breshears, Bennett, Tristan, Ross, and Smith (a/k/a "Unknown Victim's Assistance Coordinator") would remain in the suit.

### V.     Recommendation

For the foregoing reasons, the undersigned recommends that Defendants Hood, Jones, Songe, and Carroll's Motion to Dismiss (doc. #11) and Defendants Leavins, Meadows, and Carter's Motion to Dismiss (doc. #34) be **GRANTED**, and all claims against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter should be **DISMISSED**.

### VI.   Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 14th day of December, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE