IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH CONFESSORE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-302-MAC-CLS |
| | § | |
| ROBBIE HOOD, KATRINA JONES, ROD | § | |
| CARROLL, MISTY SONGE, CHRIS | § | |
| LEAVINS, AMANDA MEADOWS, | § | |
| AMANDA CARTER a/k/a "AMANDA | § | |
| SMITH," JOHN KIMBROUGH, K. C. | § | |
| BRESHEARS, RONNIE BENNETT, | § | |
| BIANCA TRISTAN, WESLEY ROSS, and | § | |
| REBECCA SMITH a/k/a "UNKNOWN | § | |
| VICTIM'S ASSISTANCE | § | |
| COORDINATOR," | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION**
**ON ORANGE COUNTY DEFENDANTS' MOTION TO DISMISS (DOC. #42)**
**AND ORDER CANCELING CASE MANAGEMENT CONFERENCE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72.  Pending before court is Defendants John Kimbrough, K.C. Breshears, Ronnie Bennett, Bianca Tristan, Wesley Ross, and Rebecca Smith's [hereinafter "Orange County Defendants"] Motion to Dismiss.  (Doc. #42.)  After review, the undersigned recommends granting the motion and dismissal of all claims against the Orange County Defendants.

### I. Procedural History and Plaintiff's Claims

On July 29, 2022, Plaintiff Joseph Confessore, proceeding *pro se*, filed his original complaint against Defendants Robbie Hood, Katrina Jones, Rod Carroll, Misty Songe, Chris Leavins, Amanda Meadows, and Amanda Carter (a/k/a "Amanda Smith") in their individual and official capacities under case number 1:22-CV-302. (Doc. # 1.) On August 12, 2022, Plaintiff filed another complaint against Defendants John Kimbrough, K. C. Breshears, Ronnie Bennett, Bianca Tristan, Wesley Ross, and Rebecca Smith (a/k/a "Unknown Victim's Assistance Coordinator") in their individual and official capacities under case number 1:22-CV-326. (Doc. #17.) Case number 1:22-CV-326 was consolidated into 1:22-CV-302 on August 17, 2022. (Doc. #5.) Plaintiff brings suit against all Defendants under 42 U.S.C. § 1983 alleging violations of Plaintiff's constitutional rights under the First and Fourth Amendments. Plaintiff also alleges violations based on criminal statutes 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141.

Plaintiff's various filings (docs. #1, 6, 13, 17, 27, 46) are disorganized and lack significant factual details necessary to clarify the nature of his claims (including both the claims themselves and the exact events giving rise to them) and against whom each claim is brought. Plaintiff's claims appear to generally arise out of two sets of encounters with City of Vidor employees and officials. First, on or around May 4, 2022, and May 6, 2022, Plaintiff attempted to meet with Defendant John Kimbrough, District Attorney for Orange County, seeking unspecified "public services" relating to alleged threats and stalking from Arthur Monariti. (Doc. #17 at 4, 8.) Plaintiff's complaint (doc. #17 at 4, 8) suggests that Plaintiff was there to apply for a protective order, and Plaintiff clarifies as such in his response (doc. #46). Second, on or around July 28, 2022, Plaintiff attempted to meet with Defendant Robbie Hood, City Manager for the City of Vidor, to pay his trash bill. (Doc. #1 at 8-9 and Doc. #27 at ¶1.) On each occasion, Plaintiff video

2

recorded parts of the interaction—which appear to have taken place in the lobbies of public buildings—and was asked to leave the premises, though Plaintiff was not forced to leave or arrested at any point. (Doc. #1, 17.)

The "May encounters" allegedly involve Defendants John Kimbrough, K.C. Breshears, Ronnie Bennett, Bianca Tristan, Wesley Ross, and Rebecca Smith (a/k/a "Unknown Victim's Assistance Coordinator"). (Doc. #17.) The "July encounters" allegedly involve Defendants Robbie Hood, Katrina Jones (a/k/a/ "Kristina Smith"), Rod Carroll, Misty Songe, Chris Leavins, Amanda Meadows, and Amanda Carter (a/k/a "Amanda Smith"). (Doc. #1.) On December 14, 2022, the undersigned recommended dismissal of Plaintiff's claims against Defendants Hood, Jones, Carroll, Songe, Leavins, Meadows, and Carter. (Docs. #45.)

On December 2, 2022, the Orange County Defendants filed a Motion to Dismiss Plaintiff's claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #42.) Plaintiff filed a response on December 15, 2022. (Doc. #46.)

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).) "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiff's pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

**III.     Discussion**

    A.  <u>"Claims" Alleged under Criminal Statutes</u>

In his form complaint, Plaintiff alleges violations of 18 U.S.C. §§ 241 and 242 and 42 § U.S.C. 14141. (Doc. #17 at 3.) As discussed in the undersigned's December 14, 2022, Report and Recommendation (doc. #45), these are criminal statutes and do not provide for private rights of action. *Chaney v. Races & Aces*, 590 Fed. App'x 327, 330 (5th Cir. 2014); *see also McCormick v. City of Dallas*, No. 3:18-CV-689-B-BH, 2018 WL 2244700, at \*2 (N.D. Tex. Apr. 30, 2018). 42 U.S.C. § 1983 only provides a remedy for violations of federal statutes if those statutes themselves create a private right of action. *See Gonzaga Univ. v. Doe*, 563 U.S. 273 (2002)

4

("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action."). Therefore, these criminal statutes cannot be used as a predicate for Plaintiff's 42 U.S.C. § 1983 action. Accordingly, any "claims" Plaintiff alleges against the Orange County Defendants based on these criminal statutes should be dismissed.

B.  First Amendment Claims against Defendants in their Individual Capacity

In his complaint, Plaintiff appears to allege that the Orange County Defendants violated his First Amendment rights by: (1) not allowing him to video record his interactions with them and asking him to leave the premises when he attempted to meet with Defendant Kimbrough; and (2) refusing to allow him to apply for a protective order. (Doc. #17 at 4, 8.) Construed broadly, Plaintiff is alleging a First Amendment "direct limitation" claim and a First Amendment retaliation claim. *See Cripps v. State Dep't of Agric. & Forestry*, 819 F.3d 221, 229 (5th Cir. 2016) (citation omitted) ("The First Amendment prohibits both direct limits on individual speech and adverse governmental action against an individual in retaliation for the exercise of protected speech activities.").

Plaintiff's complaint (doc. #17) fails to state a First Amendment direct limitation claim. To evaluate whether a speech restriction violates the First Amendment, courts must first determine whether the restriction applies to a public forum, limited public forum or nonpublic forum. *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 757-58 (5th Cir. 2010). Plaintiff alleges that his speech was restricted in a courthouse where he attempted to meet with Defendant Kimbrough. (Doc. #17 at 4, 8, and Doc. #42 at 3.) Many federal courts and most circuits have held that a courthouse is a nonpublic forum. *See, e.g.*, *Vincent v. City of Sulphur*, 28 F. Supp. 3d 651, 656 (W.D. La. 2014) (citations omitted); *Huminski v. Corsones*, 396 F.3d 53, 90-91 (2d Cir. 2005)

(citing *United States v. Grace*, 461 U.S. 171, 177 (1983)); *Berner v. Delahanty*, 129 F.3d 20, 26 (1st Cir. 1997); *Mezibov v. Allen*, 411 F.3d 712, 718 (6th Cir. 2005); *Sefick v. Gardner*, 164 F.3d 370, 372 (7th Cir. 1998); *United States v. Vosburgh*, 59 F.3d 177 (9th Cir. 1995); *United States v. Gilbert*, 920 F.2d 878, 884 (11th Cir. 1991). Thus, as a nonpublic forum, speech restrictions in a courthouse are constitutionally permissible so long as they are reasonable in light of the purpose served by the forum and are viewpoint neutral, even if the restrictions are based on subject matter and speaker identity. *Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788, 806 (1985) (citing *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 49 (1983)).

The alleged restriction here—that Plaintiff was asked to leave the courthouse and was not permitted to video record—satisfies this standard as both reasonable and viewpoint-neutral. First, other federal courts have held that restrictions on video recording in government buildings are reasonable and viewpoint neutral. *See, e.g.*, *Sheets v. City of Punta Gorda*, 415 F. Supp. 3d 1115, 1122 (M.D. Fla. 2019) (holding that an ordinance prohibiting video recording without consent inside city hall was reasonable and viewpoint neutral); *Rouzan v. Dorta*, No. EDCV 12-1361-BRO (JPR), 2014 WL 1716094, at *12 (C.D. Cal. Mar. 12, 2014) (holding that a courthouse's ban on unauthorized video recording was reasonable and viewpoint neutral). Moreover, Plaintiff indicates in his response (doc. #46 at ¶ 6) that he ultimately was permitted to remain in the courthouse and video record there, so long as he did not video record inside the courtrooms. Thus, Plaintiff has failed to allege a First Amendment direct limitation claim because (1) the alleged restriction was constitutionally permissible and (2) the pleaded facts in Plaintiff's complaint and response (docs. #17, 46) suggest that his speech was not actually restricted.

Plaintiff also fails to allege a First Amendment retaliation claim. To succeed on a First Amendment retaliation claim, Plaintiff must demonstrate that (1) he was engaged in a

constitutionally protected activity; (2) the Orange County Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) Defendants' adverse actions were substantially motivated against Plaintiff's exercise of constitutionally protected conduct. *Alexander v. City of Round Rock*, 854 F.3d 298, 308 (5th Cir. 2017). Here, Plaintiff asserts that the Orange County Defendants refused to allow him to apply for a protective order in retaliation for him exercising his right to record and remain on the premises. However, Plaintiff has not pleaded any non-conclusory facts—beyond the mere fact that the "refusal" occurred at the time he was video recording—to satisfy the third element of his retaliation claim. Plaintiff has not alleged any facts supporting the contention that not allowing Plaintiff to file a protective order was substantially motivated by Plaintiff's exercise of constitutionally protected conduct. Thus, Plaintiff has failed to state a First Amendment retaliation claim.

To the extent that Plaintiff is alleging a that the Orange County Defendants violated his "right to receive public services" (doc. #17 at 4), this claim also fails—Plaintiff does not have a right to apply for a protective order. Prosecuting attorneys have discretion to file applications for protective orders, and "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462-63 (1989)).

Plaintiff has not properly alleged any First Amendment violations against the Orange County Defendants. Therefore, Plaintiff's 42 U.S.C. § 1983 claim relating to violations under the First Amendment against the Orange County Defendants in their individual capacity should be dismissed.

### C. Fourth Amendment Claims against Defendants in their Individual Capacity

Plaintiff's form complaint states that he is alleging a Fourth Amendment violation (doc. #17 at 3), but Plaintiff does not allege any facts to support such a claim. In his response (doc. #46 at ¶ 8), Plaintiff clarifies that his interaction with Defendant K.C. Breshears, which he mentions in his complaint (doc. #17 at 8), gives rise to his Fourth Amendment claim. Plaintiff asserts that Defendant Breshears violated his Fourth Amendment right by "intentionally brandishing and threating [sic] the Plaintiff with his firearm." (Doc. #46 at ¶ 3.)

This interaction does not give rise to a Fourth Amendment violation. Plaintiff does not allege that a search occurred, and this interaction does not constitute a seizure within the meaning of the Fourth Amendment. Under the Fourth Amendment, a seizure occurs when "in view of all of the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." *Brendlin v. California*, 551 U.S. 249, 255 (2007) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). Plaintiff's complaint does not plead facts showing that a reasonable person would believe they were not free to leave during his interactions with Defendant Breshears. On the contrary, Plaintiff's complaint indicates that Breshears asked him to leave, and Plaintiff thereafter left. (Doc. #17 at 8.) These factual allegations suggest that no reasonable person would believe that they were being detained and were not free to end the interaction with Defendant Breshears at any time.

Plaintiff has not properly alleged any Fourth Amendment violations against the Defendant Breshears or any other of the Orange County Defendants. Therefore, Plaintiff's 42 U.S.C. § 1983 claim relating to violations under the Fourth Amendment against the Orange County Defendants in their individual capacity should be dismissed.

## D. First and Fourth Amendment Claims Against Defendants in their Official Capacity

Plaintiff alleges that he is bringing suit under 42 U.S.C. § 1983 against the Orange County Defendants in both their individual *and* official capacities as City of Vidor officials and employees. (Doc. #17 at 2-3). When a plaintiff sues a defendant in their official capacity, "'the real party in interest . . . is the governmental entity and not the named official.'" *Eltalawy v. Lubbock Indep. Sch. Dist.*, 816 Fed. App'x 958, 962 (5th Cir. 2020) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). To establish a governmental entity's liability, "the entity's policy or custom must have played a part in the violation of federal law." *Id.* Accordingly, to state a claim against the Orange County Defendants in their official capacity, Plaintiff must not only plead facts showing an underlying constitutional violation, but also that the constitutional violation was "inflicted pursuant to an official policy or custom." *Paz v. Weir*, 137 F. Supp. 2d 782, 797 (S.D. Tex. 2001) (citing *Flores v. Cameron Cnty*, 92 F.3d 258, 263 (5th Cir. 1996)).

For the reasons stated above, Plaintiff has failed to plead facts showing an underlying constitutional violation under the First or Fourth Amendments. Therefore, Plaintiff has failed to state a claim against Defendants in their official capacity. Further, Plaintiff has not pleaded facts showing that the alleged constitutional "violations" were inflicted as a result of an official policy or custom.

## E. Qualified Immunity

Last, the Orange County Defendants assert Plaintiff's claims against them in their individual capacities should be dismissed on grounds that they are entitled to qualified immunity.

The doctrine of qualified immunity protects officials, such as law enforcement officers, from civil liability for action taken in their official capacity as long as their conduct does not violate clearly established law of which a reasonable person would have known. *Mullenix v. Luna*, 577

U.S. 7, 11 (2015) (per curiam). The qualified immunity analysis involves a two-pronged inquiry. First, "whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right." *Estate of Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021) (quoting *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014)). Second, "whether . . . the right in question was 'clearly established' at the time of the violation." *Id.* (quoting *Tolan*, 572 U.S. at 656).

As Plaintiff has failed to plead facts showing an underlying constitutional violation under the First or Fourth Amendments, Plaintiff's complaint fails to satisfy the first prong of the qualified immunity analysis. Additionally, even if Plaintiff *had* pleaded facts showing an underlying constitutional violation, Plaintiff would not be able to satisfy the second prong. Even when a constitutional violation has been committed, qualified immunity applies unless the law clearly establishes that the official's conduct violated a federal right at the time the conduct took place. *Brousseau v. Haugen*, 543 U.S. 194, 194 (2004). In other words, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Crane v. City of Arlington*, No. 21-10644, 2022 WL 4592035, at *8 (5th Cir. Sept. 30, 2022) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Here, Plaintiff has not sufficiently pleaded facts showing that the any reasonable official in the Orange County Defendants' position during the May encounters would know that their conduct was unlawful—in large part, because their conduct was *not*, in fact, unlawful. Therefore, Plaintiff's complaint does not satisfy the second prong of the qualified immunity analysis. As a result, even if the undersigned had not already concluded that Plaintiff failed to state a claim against the Orange County Defendants under 42 U.S.C. § 1983, Plaintiff's claims against them in their individual capacity would be dismissed regardless on grounds of qualified immunity.

### IV. Conclusion

Plaintiff has failed to state any claims under 42 U.S.C. § 1983 against the Orange County Defendants in their individual or official capacities for violations of the First Amendment, Fourth Amendment, and criminal statutes 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 14141. Therefore, the Orange County Defendants' Motion to Dismiss (doc. #42) should be granted. All claims against the Orange County Defendants should be dismissed.

The undersigned has already recommended dismissal of Plaintiff's claims against Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter (doc. #45), and this report recommends that Plaintiff's claims against the remaining defendants—the Orange County Defendants—be dismissed. Thus, should the undersigned's recommendation (doc. #45) as to the Motions to Dismiss (docs. #11, 34) from Defendants Hood, Jones, Songe, Carroll, Leavins, Meadows, and Carter *and* the undersigned's recommendation in this report both be adopted, Plaintiff's suit would be dismissed in its entirety.

### V. Recommendation

For the foregoing reasons, the undersigned recommends that the Orange County Defendants' Motion to Dismiss (doc. #42) be **GRANTED**, and all claims against the Orange County Defendants should be **DISMISSED**.

### VI. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

11

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

### VII. Order Canceling Case Management Conference

It is **ORDERED** that the Rule 16 Case Management Conference, currently set for January 31, 2023 (doc. #43), is **CANCELED**.

**SIGNED this the 17th day of January, 2023.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE